# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-4209 PA (SSx) | Date | October 20, 2017 |
|---|---|---|---|
| Title | Juan Briseno v. Vrito Harvy | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS—ORDER

On September 19, 2017, the clerk entered default against Vrito Harvy (doing business as El Pavo Bakeries) ("Defendant"). The Court issued an order on September 19, 2017, directing plaintiff Juan Briseno ("Plaintiff") to file a motion for default judgment or other dispositive motion no later than October 19, 2017. The Court's September 19, 2017 Order warned Plaintiff that the failure to file a dispositive motion by October 19, 2017, may result in dismissal of the action without further notice by the Court. To date, and despite the expiration of the deadline to do so, Plaintiff has not filed a dispositive motion.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. Proc. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-4209 PA (SSx) | Date | October 20, 2017 |
|---|---|---|---|
| Title | Juan Briseno v. Vrito Harvy | | |

dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. <u>See</u> <u>id.</u>

The third <u>Henderson</u> factor at least marginally favors dismissal. Defendant may be further prejudiced unless the complaint is dismissed. <u>See</u> <u>Yourish</u>, 191 F.3d at 991; <u>Pagtalunan</u>, 291 F.3d at 642 (holding that failure to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth <u>Henderson</u> factors, the Court notes that Plaintiff was warned about the consequences of failing to file a dispositive motion by the date set by the Court. Nevertheless, Plaintiff has taken no action whatsoever. It therefore appears that Plaintiff has abandoned his efforts to obtain a judgment on the merits. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth <u>Henderson</u> factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Plaintiff has abandoned this action. The Court therefore dismisses this action without prejudice for lack of prosecution. <u>See</u> Fed. R. Civ. P. 41(b); <u>see also</u> <u>Yourish</u>, 191 F.3d at 986–88; <u>Ferdik</u>, 963 F.2d at 1260.

IT IS SO ORDERED.